673 F.2d 1331
 82-1 USTC P 9151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
L. Roger Wells, Jr. and Judy R. Wells, Plaintiffs-Appellants
v.
Commissioner, Defendant-Appellee and
Southern Explosives Corp., Plaintiff-Appellant
v.
Commissioner, Defendant-Appellee.
 Nos. 80-1426 and 80-1427.
 United States Court of Appeals, Sixth Circuit.
 December 16, 1981.
 
 Before EDWARDS, Chief Judge, MARTIN and JONES, Circuit Judges.
 
 Order
 
 1
 On receipt and consideration of an appeal by plaintiff Wells, the sole shareholder and president of Southern Explosives and by Southern Explosives Corp.; and finding from this record that Wells undoubtedly performed extraordinarily successful services for Southern Explosives during the taxable year in which these taxes are in dispute; but noting also that Treasury Regulations on income tax, 26 C.F.R. Sec. 1.162-7(b)(2) provide as follows:
 
 
 2
 ... Generally speaking, if contingent compensation is paid pursuant to a free bargain between the employer and the individual made before the services are rendered, not influenced by any consideration on the part of the employer other than that of securing on fair and advantageous terms the services of the individual, it should be allowed as a deduction even though in the actual working out of the contract it may prove to be greater than the amount which would ordinarily be paid.
 
 
 3
 However, "[i]n any event the allowance for the compensation paid may not exceed what is reasonable under all the circumstances." 1.162-7(b)(3). (Emphasis added)
 
 
 4
 And further finding that fortuitous circumstances as well as Well's efforts played a major role in the extraordinary corporate income for that year and that the determination of Well's salary was entirely a matter of self-dealing;
 
 
 5
 Now therefore, the decision of the Tax Court cannot be said to be clearly erroneous for the reasoning set forth in the opinion of said court recorded in Plastics Universal Corporation, et al. v. Commissioner of Internal Revenue, 179 T.C.M. (P-H) 355.